Order Entered on May 30, 2014 by Clerk U.S. Bankruptcy Court Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Jorge Alberto Cazares Rodriguez,

Debtor.

BANKRUPTCY NO. 11-16362-LT7

## ORDER DENYING MOTION TO REOPEN

IT IS HEREBY ORDERED as set forth on the one continuation page attached, numbered two (2).

DATED: May 29, 2014

Judge, United States Bankruptcy Court

The Court reviewed the Motion to Reopen Bankruptcy Case ("Motion") filed on behalf of debtor Jorge Alberto Cazares Rodriguez ("Debtor"). Having done so, the Court will deny the Motion as unnecessary.

"The remedy for violating an injunction is not a repetitive injunction, but an order of contempt." In re Barrientos, 633 F.3d at 1190. "Contempt proceedings for violation of section 524 must be initiated by motion in the bankruptcy case under Rule 9014 and not by adversary proceeding." Id. at 1191. Bankruptcy courts retain jurisdiction to enter contempt orders even after the bankruptcy case is closed - therefore a closed bankruptcy case need not be reopened. Danney v. Transamerica Home Loan (In re Danney), 50 Fed. Appx. 848 (9th Cir. 2002) (citing Menk v. Lapaglia (In re Menk), 241 B.R. 896, 906 (9th Cir. BAP 1999)); and see Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 509-10 (9th Cir. 2002) (Procedurally, an alleged violation of the discharge injunction is pursued by a motion invoking the contempt remedies allowed for in § 105(a).).

Therefore, the Court need not reopen the bankruptcy case, and Debtor appropriately may file a motion seeking relief for the alleged violation of the discharge injunction.

Now, therefore, based on the foregoing,

IT IS HEREBY ORDERED that the Motion is DENIED as unnecessary.

Signed by Judge Laura Stuart Taylor May 29, 2014